LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, ESQ. SBN 69888
STEVEN R. YOURKE, ESQ. SBN 118506
7767 Oakport St., Suite 1120
Oakland, CA, 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
Email: john.burris@johnburrislaw.com
        steven.yourke@johnburrislaw.com

Attorneys for All Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PRESCOTT, individually and as Guardian Ad Litem for minor plaintiffs A.P., C.P., R.P., T.P., Y.P. and M.P.; and MARILYN PRESCOTT, <br><br> Vs. <br><br> COUNTY OF STANISLAUS, Sheriff ADAM CHRISTIANSON, in his official capacity; CALIFORNIA FORENSIC MEDICAL GROUP, INC., and Does 1 through 25, inclusive. <br><br> Defendants. <br> _____/ | Case No.: <br><br> COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS & WRONGFUL DEATH <br><br> **<u>JURY TRIAL DEMANDED</u>** |

**<u>INTRODUCTION</u>**

1. This action arises from the death of Mr. Craig Prescott while he was detained awaiting trial in

   the Stanislaus County Jail on or about April 13, 2009, in Modesto, California.  Plaintiffs are

   the surviving mother, wife and minor children of Decedent. Plaintiffs sue for violation of civil

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH

rights pursuant to 42 U.S.C. section 1983 and for wrongful death pursuant to California Code of Civil Procedure section 377.60.

## JURISDICTION

2. This court has jurisdiction over Plaintiffs' federal civil rights action pursuant to 28 U.S.C. 1331 and has ancillary jurisdiction to hear Plaintiffs' related claims arising under California law.

3. The acts and omissions complained of herein occurred in Modesto, California and therefore the proper venue for this action is the Eastern District of California in Fresno, California.

## DEMAND FOR JURY TRIAL

4. Plaintiff demands a jury trial.

## IDENTIFICATION OF PARTIES

5. Plaintiff RACHEL PRESCOTT is the surviving wife of Craig Prescott, deceased, and the guardian ad litem for their minor children named below.

6. Plaintiff MARILYN PRESCOTT is the surviving mother of Craig Prescott, deceased.

7. Plaintiffs A.P., C.P., R.P., M.P., T.P. and Y.P. are the surviving minor children of Craig Prescott, deceased, and they are represented in this action by their guardian ad litem and mother, RACHEL PRESCOTT.

8. Defendant COUNTY OF STANISLAUS (hereinafter "COUNTY") is a governmental entity under the laws of the State of California, to wit, a county government.

9. Defendant ADAM CHRISTIANSEN was at all relevant times, the Sheriff of Stanislaus County and he committed the acts and omissions complained of herein while acting within his duties as Sheriff. He is sued in his official capacity.

10. Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") is a California corporation which, at all relevant times, was under contract to the COUNTY to provide medical care to persons held in custody at the Jail including Decedent, and it committed the acts and omissions complained of herein while acting on behalf of the COUNTY pursuant to such contract.

11. Plaintiffs do not know the true identities or capacities of those defendants sued herein as Does 1 through 25, and therefore sues such defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that Does 1 through 15 are Sheriff's deputies employed by the County of Stanislaus and that they are responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiffs shall amend this complaint to substitute the true names and capacities of such Doe defendants when they are known.

## COLOR OF LAW

12. All defendants acted under color of law in committing the acts and omissions complained of herein.

## VICARIOUS LIABILITY

13. Defendants CHRISTIANSON and Does 1 through 15 acted within the course and scope of their employment by defendant COUNTY in committing the acts and omissions complained of herein.

14. Defendant CFMG was under contract to the defendant COUNTY and acting within the course and scope of its duties under that contract when it committed the acts and omissions complained of herein.

## PUNITIVE DAMAGES

15. In committing the acts and omissions complained of herein, all individual and corporate

Defendants acted with malice, oppression and deliberate and reckless disregard for Plaintiffs'

civil rights and personal safety. Plaintiffs are thus entitled to an award of punitive damages

against each of them.

### STATEMENT OF FACTS

16. On or about April 11, 2010, Craig Prescott, a 38-year-old African American man (Decedent)

died while in custody at the Stanislaus County Jail in Modesto, California.  Decedent had been

in jail since April 7, when he was arrested for having allegedly violated a restraining order

obtained against him by his wife, plaintiff RACHEL PRESCOTT.  Decedent had been

exhibiting psychotic symptoms for several weeks prior to his death.

17. Plaintiffs lack personal knowledge about the circumstances causing the death of Craig

Prescott and allege the following facts on information and belief:

18. Decedent died during an altercation with jail personnel who had forcibly extracted him from

his cell by use of tasers and clubs.

19. Decedent died from either cardiac arrest or positional asphyxiation.

20. Jail personnel used excessive and unreasonable force against Decedent.

21. Decedent was not provided with adequate medical and psychiatric care while he was in jail.

22. Decedent was transported from the Jail to the Doctor's Hospital in Modesto, California, where

he was pronounced brain dead on April 15, 2009.

### FIRST CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**Violation of Decedent's Right to Personal Safety & Security**

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22, above.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH

24. The Fourteenth Amendment to the United States Constitution provides that persons held in custody in jails have the right to enjoy personal safety and security and that defendants COUNTY and CHRISTIANSON and Does 1 through 15 had a corresponding duty to take reasonable precautions to ensure Decedent's physical safety and security while he was in custody.

25. Defendants and each of them used unreasonable and excessive force against him, thereby proximately causing him injury and death in violation of Decedent's Fourteenth Amendment rights.

WHEREFORE Plaintiff sues for relief as set forth below.

## SECOND CAUSE OF ACTION
### 42 U.S.C. Section 1983
### (Violation of Decedent's Right to Adequate Medical Care)

26. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 25, above.

27. The Fourteenth Amendment to the United States Constitution protects the right of persons detained in jail to receive adequate and reasonable medical and psychiatric care.

28. Defendants and each of them were deliberately indifferent to Decedent's right to receive adequate and reasonable medical and psychiatric care.

29. Such deliberate indifference proximately caused Decedent's death.

WHEREFORE, Plaintiff sues for relief as set forth below.

## THIRD CAUSE OF ACTION
### 42 U.S.C. Section 1983 - Monell
### (Failure to Adequately Train, Supervise and Discipline Jail Staff)

30. Plaintiff incorporates by reference as if fully set forth below all allegations set forth in paragraphs 1 through 29, above.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH

31. At all relevant times, the COUNTY OF STANISLAUS and Sheriff CHRISTIANSON had a duty arising under the Fourteenth Amendment to the United States Constitution to adequately train, supervise and discipline Jail personnel in order to safeguard the health and safety of persons held in jail custody.

32. Said defendants were deliberately indifferent to their duties to properly train, discipline and supervise the jail staff thereby proximately causing Decedent's death.

WHEREFORE Plaintiff sues for relief as set forth below:

**FOURTH CAUSE OF ACTION**
**42 U.S.C. section 1983**
**(Violation of Plaintiffs' Rights to Enjoy Continued Family Relations)**

33. Plaintiff incorporates by reference as if fully set forth below all allegations set forth in paragraphs 1 through 32, above.

34. The Fourteenth Amendment to the United States Constitution protects the right of spouses, children and parents to enjoy continued family relations with each other.

35. By proximately causing the death of Decedent, Defendants and each of them violated the rights of Plaintiffs and each of them to enjoy the continued companionship and society of Decedent and the right of the minor plaintiffs to enjoy the financial support, guidance and protection of their father. WHEREFORE Plaintiffs sue for relief as set forth below;

**FIFTH CAUSE OF ACTION**
**(Wrongful Death – Cal. Code of Civ. Proc. Section 377.60)**

36. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 35, above.

37. Plaintiffs C.P., R.P., T.P., Y.P. and M.P. are the minor children and heirs at law of Decedent,

38. The wrongful acts of Defendants and each of them proximately caused Decedent's death and thus injured said Plaintiffs and each of them as set forth below.

39. All plaintiffs have suffered the loss of society, comfort, companionship, care and protection of their father as well as the financial support they would have received from him had he lived.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and each of them sue for relief as follows:

1. Compensatory damages in the amount of $10,000,000.00;

2. Special damages according to proof at trial;

3. Punitive damages according to proof at trial;

4. Attorney's fees and costs of suit pursuant to 42 U.S.C. section 1988;

5. All other relief to which Plaintiffs may be entitled under law.


DATED: April 5, 2010                                                    LAW OFFICES OF JOHN L. BURRIS


                                                                        /s/ John L. Burris
                                                                        John L. Burris, Esq.
                                                                        Steven R. Yourke, Esq.
                                                                        Attorney for all plaintiffs