UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PRESCOTT, et al., ) | 1:10-cv-0592 OWW JLT |
| ) | |
| Plaintiffs, ) | SCHEDULING CONFERENCE ORDER |
| ) | |
| v. ) | Discovery Cut-Off: 10/1/11 |
| ) | |
| COUNTY OF STANISLAUS, et al., ) | Non-Dispositive Motion Filing Deadline: 10/14/11 |
| ) | |
| Defendants. ) | |
| ) | Non-Dispositive Motion Hearing Date: 11/18/11 9:00 Bakersfield |
| | |
| | Dispositive Motion Filing Deadline: 11/14/11 |
| | |
| | Dispositive Motion Hearing Date: 12/12/11 10:00 Ctrm. 3 |
| | |
| | Settlement Conference Date: 8/4/11 10:00 Bakersfield |
| | |
| | Pre-Trial Conference Date: 1/23/12 11:00 Ctrm. 3 |
| | |
| | Trial Date: 3/6/12 9:00 Ctrm. 3 (JT-10 days) |

I.  Date of Scheduling Conference.

   November 4, 2010.

II. Appearances Of Counsel.

   Steven R. Yourke, Esq., appeared on behalf of Plaintiffs.

1

Porter Scott by Terence J. Cassidy, Esq., and Ashley M. Wisniewski, Esq., appeared on behalf of Defendants County of Stanislaus and Sheriff Adam Christianson, in his official capacity.

Trimble, Sherinian and Varanini by Jerome M. Varanini, Esq., appeared on behalf of Defendant California Forensic Medical Group, Inc.

III. Summary of Pleadings.

1. This action arises from the death of Craig Prescott, a severely mentally ill man, in the Stanislaus County Jail on April 13, 2008. Plaintiffs sue for violation of civil rights pursuant to 42 U.S.C. § 1983 and for wrongful death per California statute. Plaintiffs are the wife, mother and six minor children of Decedent. Plaintiffs claim that Decedent's death was caused by the failure of Defendants to provide adequately for his psychiatric needs while in jail and their use of unreasonable force against him while placing him in the safety cell. Decedent died in the jail's safety cell following his forcible extraction from a jail cell by jail deputies who used tasers and clubs on him in a brutal effort to subdue him. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs. All parties have demanded a jury trial.

2. Plaintiffs filed their Complaint against Defendants in this Court on April 6, 2010. This action arises out of the death of Craig Prescott. Plaintiffs, the deceased's widow, mother, and six minor children, contend that Mr. Prescott's death was caused by Defendants. Plaintiffs assert claims for alleged violations of the constitution pursuant to 42 U.S.C. § 1983, as well as

2

state law claims for wrongful death.  Plaintiffs seek compensatory damages, punitive damages and fees and costs of suit.  Defendants, and each of them, deny these allegations, deny any and all liability, and assert various affirmative defenses.  All parties have demanded a jury trial.

IV.  Orders Re Amendments To Pleadings.

    1.   The parties agree that Plaintiff shall join as yet unidentified parties on or before March 4, 2011.

    2.   The parties further agree that, following the amendment date, that the DOE Defendants shall be dismissed without prejudice.  Further joinder of parties or claims shall be governed by the provisions of Fed. R. Civ. P. Rule 15 and Rule 16.

V.  Factual Summary.

    A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiffs are the alleged wife, mother, and six minor children of Decedent and claim standing to pursue this action based on their successor rights under the law of California.

        2.   At the time of the incident, Plaintiff's Decedent was lawfully detained and in the custody of the County Jail of Stanislaus County.

        3.   The jail officers who participated in the incident were, at all times, peace officers or correctional officers under the law of the State of California, were employees of the County of Stanislaus, were acting in the course and scope of their employment, and under color of state law.

4.   Defendant California Forensic Medical Group, Inc., is a corporation formed and existing under the laws of the State of California.

5.   At all times applicable, Defendant CFMG had a contract with the County of Stanislaus to provide medical services.

6.   At the time of the incident, Plaintiffs' Decedent was in custody for alleged violation of a restraining order preventing contact between himself and his family.

7.   The claims arise out of an extraction of Plaintiffs' Decedent from the jail cell.

B.  Contested Facts.

1.   All remaining facts are disputed.

VI. Legal Issues.

A.  Uncontested.

1.   Jurisdiction exists under 28 U.S.C. § 1331. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367. Jurisdiction also exists under 42 U.S.C. § 1983.

2.   Venue is proper under 28 U.S.C. § 1391(b)(2).

3.   The parties agree that as to supplemental claims, the substantive law of the State of California provides the rule of decision.

B.  Contested.

1.   All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

///

4

VIII.     Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.    The parties agree that initial disclosures shall be completed by November 30, 2010.

    2.    The parties are ordered to complete all non-expert discovery on or before July 30, 2011.

    3.    The parties are directed to disclose all expert witnesses, in writing, on or before August 30, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before October 1, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    4.    The parties are ordered to complete all discovery, including experts, on or before October 1, 2011.

    5.    The provisions of F. R. Civ. P. 26(b)(4) shall

apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before October 14, 2011, and heard on November 18, 2011, at 9:00 a.m. before Magistrate Judge Jennifer L. Thurston in her courtroom located at 1300 18th Street, Suite A, Bakersfield, California.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than November 14, 2011, and will be heard on December 12, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.   January 23, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281

and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.  The parties shall submit one (1) courtesy paper copy to the Court of any motions filed. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

    1.  March 6, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  Seven to ten days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.  A Settlement Conference is scheduled for August 4, 2011, at 10:00 a.m. before the Honorable Jennifer L. Thurston, United States Magistrate Judge, whose chambers is located at 1200 Truxtun Avenue, Suite 120, Bakersfield, California.

    2.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

     3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.  Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

     4.   Confidential Settlement Conference Statement.  At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

     5.   The Confidential Settlement Conference Statement shall include the following:

         a.   A brief statement of the facts of the case.

         b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood

```
 1  of prevailing on the claims and defenses; and a description of
 2  the major issues in dispute.
 3            c.    A summary of the proceedings to date.
 4            d.    An estimate of the cost and time to be
 5  expended for further discovery, pre-trial and trial.
 6            e.    The relief sought.
 7            f.    The parties' position on settlement,
 8  including present demands and offers and a history of past
 9  settlement discussions, offers and demands.
10  XV.   Request For Bifurcation, Appointment Of Special Master,
11  Or Other Techniques To Shorten Trial.
12       1.    None.
13  XVI. Related Matters Pending.
14       1.    There are no related matters.
15  XVII.     Compliance With Federal Procedure.
16       1.    The Court requires compliance with the Federal
17  Rules of Civil Procedure and the Local Rules of Practice for the
18  Eastern District of California.  To aid the court in the
19  efficient administration of this case, all counsel are directed
20  to familiarize themselves with the Federal Rules of Civil
21  Procedure and the Local Rules of Practice of the Eastern District
22  of California, and keep abreast of any amendments thereto.
23  XVIII.    Effect Of This Order.
24       1.    The foregoing order represents the best
25  estimate of the court and counsel as to the agenda most suitable
26  to bring this case to resolution.  The trial date reserved is
27  specifically reserved for this case.  If the parties determine at
28  any time that the schedule outlined in this order cannot be met,
```

counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   November 4, 2010                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE