IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PRESCOTT, et al., | Case No. 1:10-cv-00592 OWW JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| vs. | (Doc. 38) |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

Defendants County of Stanislaus and Adam Christianson (herein "Defendants") now move to compel non-party Stanislaus County Behavioral Health and Doctors' Behavioral Health Center (the "Health Center") to comply with a previously served subpoena duces tecum. Plaintiffs do not oppose the motion. The parties appeared for hearing on this matter on May 23, 2011. For all the reasons set forth below, the Court **GRANTS** the pending motion.

**I.   BACKGROUND**

   **A.   Plaintiffs' Allegations**

This action is proceeding on Plaintiffs' first amended complaint. (Doc. 35.) Plaintiffs allege the following. On April 7, 2009, Plaintiffs' decedent, Craig Prescott, was detained at Stanislaus County

1

Jail.[1] (Id. at 4.) Over the next few days, Mr. Prescott exhibited "bizarre" behavior consistent with drug psychosis. (Id. at 5.) On April 11, 2009, officials decided to extract Mr. Prescott from his cell. (Id.) When Mr. Prescott resisted, jail officials elected to use less than lethal force, such as Tasers and water balls, to subdue Mr. Prescott. (Id.) Mr. Prescott died as a result of the altercation. (Id. at 5-6.) Plaintiffs now seek monetary damages for the use of excessive force, inadequate medical care, failure to supervise and train, and deprivation of familial relations in violation of the Fourteenth Amendment. (Id. at 6-10.) Plaintiffs also seek to recover for wrongful death. (Id. at 9.)

### B. Events Relevant to the Pending Motion

On March 29, 2011, Defendants' counsel requested Plaintiffs sign a release form authorizing disclosure of Mr. Prescott's medical and psychiatric/psychological records. (Doc. 38-2 at ¶ 3.) Counsel also served a subpoena duces tecum on the Health Center for Mr. Prescott's medical records. (Id. at ¶ 4.) Plaintiffs, however, have yet to respond to counsel's request, and the Health Center has refused to produce the requested documents due to confidentiality concerns. (Id., Ex. C.) Accordingly, on April 20, 2011, Defendants filed the instant motion to compel. (Doc. 38.) Plaintiffs have filed a statement of no opposition to the motion.[2] (Doc. 48.)

## II.  DISCUSSION

A party may file a motion to compel when a person subject to a subpoena refuses or otherwise fails to produce requested documents. See Fed. R. Civ. P. 45(c)(2)(B)(i). The moving party carries the burden of showing that the requested documents are discoverable within the meaning of Federal Rule of Civil Procedure 26. Rule 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Once the moving party carries its burden, the opposing party faces a "heavy burden" in showing that discovery

---

[1] The first amended complaint is inconsistent when referring to the year in which the alleged events took place. Nevertheless, the alleged events appear to have taken place in 2009, as the other years indicated (2010 and 2011) cannot be harmonized with the fact that Plaintiffs initiated this action on April 6, 2010.

[2] A patient has a right of privacy in the confidentiality of his medical records even after his death and these rights may be asserted by the decedent's survivors. Marsh v. County of San Diego, 2007 U.S. Dist. LEXIS 76260 * at 6-7 (S.D. Cal. Oct. 15, 2007); Powell v. United States, 584 F.Supp. 1508, 1526 (N.D. Cal. 1984); See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 170 (U.S. 2004). However, based upon the notice of non-opposition to the current motion, the Court understands Plaintiffs have no privacy objections and, in fact, agree to the disclosure of this information.

should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

### A. Relevance

Here, Defendants argue, and the Court agrees, that Mr. Prescott's medical records are relevant to this action. In support of their Fourteenth Amendment inadequate medical care claims, Plaintiffs allege, among other things, that Defendants knew Mr. Prescott was suffering from severe mental health issues but failed to provide any treatment. (Doc. 35 at 7-8.) In order to defend against this claim, in terms of both liability and damages, Defendants should have the opportunity to discover documents pertaining to Mr. Prescott's medical history. The records now in dispute would be particularly useful in shedding light on the "nature, depth, and degree of Mr. Prescott's mental health issues" prior to his detention in Stanislaus County Jail. (Doc. 38 at 4.)

### B. Privilege

Because the requested documents are relevant to this action, they must be produced unless they are privileged. See Fed. R. Civ. P. 26(b)(1). Federal law applies to determinations of privilege if the action involves federal-question claims, even where, as here, there are pendant state law claims. See United States v. Blackmun, 72 F.3d 1418, 1423 (9th Cir. 1995); see also Rodriguez v. City of Fresno, No. 1-09-cv-1176 AWI MJS, 2010 U.S. Dist. LEXIS 128248, at *12 (E.D. Cal. Dec. 6, 2010). This district has also recognized, however, that "in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discover disputes." Rodriguez, 2010 U.S. Dist. LEXIS 128248, at *13 (citations omitted).

#### i. Psychotherapist-patient privilege

Here, the Health Center has not specified any privilege upon which it relies to refuse to produce the requested documents.[3] Health Center could, in theory, rely on the psychotherapist-patient privilege to shield itself from Defendants' discovery requests. The United States Supreme Court has explicitly recognized the existence of such a privilege, which protects all confidential communications between a person and a licensed psychiatrist, psychologist, or social worker. Jaffee v. Redmond, 518 U.S. 1, 8-17

---

[3] However, Health Center attached to its written refusal to produce the documents, a release form that cites HIPPA, 45 CFR 164.508, 42 CFR Part 2 and California Welfare and Institutions Code § 5328.

(1996); see United States v. Chase, 340 F.3d 978, 983-84 (9th Cir. 2003).  However, it appears Plaintiffs have waived the privilege, at least according to state law, by placing Mr. Prescott's mental health at issue in this case.  See In re Lifschutz, 2 Cal. 3d 415, 433-34 (1970) (under California law, the patient-physician privilege is waived where the patient's specific medical condition is placed into issue by the patient).  Under federal law, the privilege may when the patient files a lawsuit that places the content of the privileged communications in issue. See Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa.1997); Vann v. Lone Star Steakhouse & Saloon, Inc., 967 F. Supp. 346, 349-50 (C.D. Ill. 1997); cf. Home Indem. Corp. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir. 1995) (applying waiver to the attorney-client privilege).

Notably, Plaintiffs specifically allege that decedent "had been exhibit psychotic symptoms for several weeks prior to his death," "he appeared to be under the influence of drugs or alcohol" and "[a] diagnostic impression was noted of 'possible bipolar disorder or drug psychosis.'" (Doc. 35 at 4-5) The First Amended Complaint notes also that the impression of treating physician, Dr. Baker, was "'drug abuse' and 'rule out mental illness.'" Id. at 5.  Given these allegations, the Court finds that Plaintiffs' have squarely placed in issue the decedent's psychiatric and drug/alcohol abuse histories.

On the other hand, the Court need not determine whether the allegations of the complaint have sufficiently placed the content of decedent's mental health at issue because when Health Center objected to the production of the documents, it did not cite this privilege explicitly.  Instead, it stated merely that, "Due to the fact your [sic] requesting psychiatric records we are unable to release records without signed release."  (Doc. 38, Ex. 2 at 25) To this objection, Health Center attached its release form which cited 45 CFR 164.508 (HIPAA), 42 CFR Part 2 and California Welfare and Institutions Code § 5328.  However, none specifically raise the psychotherapist-patient privilege.  Moreover, the Health Center has provided no other explanation as to the bases for its refusal to comply with the subpoena.

As the party seeking to prevent the discovery of otherwise relevant material, the Health Center carries the burden of asserting and demonstrating that a particular privilege applies.  See Bible v. Rio Props., Inc., 246 F.R.D. 614, 620 (C.D. Cal. 2007) ("[U]nder federal law, the party claiming [the federal privilege] has the burden of proving the applicability of the doctrine."); see also Voth v. Albright, No. CIV S-04-2103 LKK GGH P, 2006 U.S. Dist. LEXIS 79128, at *22 (E.D. Cal. Oct. 20, 2006) ("[T]hat

1 the party asserting the privilege has the burden to establish its applicability is an undisputed
2 proposition[.]"). Its failure to carry this burden, coupled with Plaintiffs' statement of non-opposition
3 to the pending motion, justifies the Court's order requiring disclosure of the records.

            **ii.**    **Confidentiality of the records**

5       Once again, Health Center has failed to identify any specific source of legal authority upon which
6 it relies in refusing to comply with the subpoena duces tecum. However, assuming Health Center
7 intended to rely upon the citations set forth in the release form that it attached to its written refusal to
8 produce the records, they do not create an impediment to production.

            **a.**    **Health Insurance Portability and Accountability Act**

10       As a general rule, HIPAA prohibits disclosure of private medical data. HIPAA reads, "Except
11 as otherwise permitted or required by this subchapter, a covered entity may not use or disclose protected
12 health information without an authorization that is valid under this section." 45 CFR 164.508(a).
13 However, 45 CFR 164.508 permits disclosure in certain circumstances including when it is allowed
14 under 45 CFR 164.512. Subdivision (e) of this latter section permits disclosure of the records in judicial
15 proceedings if ordered by the court, or in response to a subpoena if the agency is assured that the
16 subpoenaing party has made reasonable efforts to obtain a release. 45 CFR 164.512(e). "Reasonable
17 efforts" are shown when the subpoena allows time for objections and none were made before the
18 expiration of the time allowed. 45 CFR 164.512(e)(1)(ii), (iii).

19       Here, the subpoena is governed by Federal Rules of Civil Procedure 45 which permitted
20 objection to the subpoena by Health Center but also by Plaintiffs in the form of a motion to quash and/or
21 motion for protective order. Plaintiffs have not sought to make the Court, Defendants or Health Center
22 aware of any objection to the production of the records. To the contrary, Plaintiffs have indicated their
23 non-opposition to the disclosure. Thus, the Court finds that HIPAA permits disclosure of the
24 subpoenaed records in this instance and that the objection on this basis is not well-founded.

            **b.**    **California Welfare and Institutions Code 5328**

26       As noted above, in its "release form" the Health Center cited California Welfare & Institutions
27 Code section 5328. This section makes mental health treatment records confidential. The section reads
28 in pertinent part, "All information and records obtained in the course of providing services . . . to either

5

voluntary or involuntary recipients of services shall be confidential." Exceptions to the prohibition on releasing these confidential documents include "the courts, as necessary to the administration of justice" and to the attorney for the service recipient upon the presentation of a signed release. Id. at subd. (f), (j). The statute acts as "a general prohibition against disclosure of information, subject to defined exceptions" and protects information that would not otherwise be privileged. (In re S.W. (Cal.App. 2d Dist. 1978) 79 Cal.App.3d 719, 721 (1978).

Notably, subdivision (f) of the statute permits disclosure "[t]o the courts, as necessary to the administration of justice." Cal. Welf. Instit. Code § 5328(f). The only impediment to the Court determining that the information is necessary to the administration of justice is a determination of the applicability of an evidentiary privilege. Boling v. Superior Court, 105 Cal. App. 3d 430, 443 (Cal. App. 1st Dist. 1980) As noted above, no one has asserted the psychotherapist-patient privilege related to these records. Moreover, the Court finds that disclosure of the records is needed for the parties to have a full picture of the decedent's mental state at the time of his death. Likewise, these records may bear on a possible damage calculation to the extent that they shed light on the decedent's ability to provide society and companionship to any of the plaintiffs. Thus, the Court finds that the administration of justice requires production of the records.

### c.     42 CFR Part 2

Though Health Clinic does not indicate which portion of 42 CFR Part 2 upon which it relies to refuse to disclose the records, according to 42 CFR 2.61(a)[4], the Court may issue an order that, when combined with the subpoena previously issued, mandates the disclosure of the records related to drug and alcohol treatment.[5]

Notably, 42 USC § 290dd-2 makes "[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment rehabilitation, or research, which

---

[4] This section applies to records that are made confidential under identified provisions such as 42 USC § 290dd.

[5] Once again, the Court presumes that Health Clinic is asserting 42 CFR Part 2 as a basis upon which it has refused disclosure because it is identified on Health Center's release form supplied with its written refusal to disclose the records. However, due to Heath Clinic's failure to identify the specific portion of 42 CFR Part 2 upon which it relies and to advance any argument that this portion(s) requires or permits non-disclosure, the Court finds that Health Clinic has failed to carry its burden in this proceeding. See Bible, 246 F.R.D. at 620.

6

is conducted, regulated or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and disclosed only of the purposes and under the circumstances expressly authorized under subsection (b).  Subsection (b)(2)(C) permits the Court to order the disclosure of the records if it finds good cause to do so.  In doing so, the Court is required to weigh the public interest and the need for the disclosure against the injury to the patient, to the doctor-patient relationship any injury to the treatment.

Given that the patient is deceased, most of the factors for analyzing "good cause" do not apply. The factor that militates against disclosure, the public interest, is significantly overshadowed by the need for disclosure in this case.  As noted above, these records may bear directly on what occurred during the event when the patient died. This information likewise may bear on whether Defendants properly treated the decedent properly in terms of his mental health care and in terms of his custodial arrangements. Moreover, the public's interest is furthered by a full inquiry into the death of an inmate who was in the custody of a public agency. Thus, after evaluating these factors, the Court finds that the records should be disclosed.

Moreover, 42 CFR § 2.64 permits the Court to disclose the records after considering factors similar to those set forth 42 USC § 290dd-2.  Thus, for the same reasons and because this information cannot be obtained otherwise, the Court finds that the records should be disclosed.  Likewise, 42 CFR § 2.63 permits disclosure in connection with litigation where the content of the doctor-patient communication is placed at issue by the plaintiff.  Though the Court cannot find that Plaintiffs have explicitly placed the content of the communications at issue, Plaintiffs' non-opposition to the motion indicates that they have no objection to the disclosure.  Thus, the Court finds that the confidentiality of the content of any communication between the decedent and his doctors has been waived.

### III.    CONCLUSION

Accordingly, because documents relating to Mr. Prescott's medical history are relevant to this action and the Health Center has not affirmatively demonstrated that a federal privilege, federal regulation or state statute precludes their disclosure, the Court will grant Defendants' motion to compel.

In accordance with the above, it is **HEREBY ORDERED** that:

1. Defendants' April 20, 2011 motion to compel (Doc. 38) is **GRANTED**;

7

2. Stanislaus County Behavioral Health and Doctors' Behavioral Health Center is **ORDERED** to produce **within 10 days of the date of service of this order**, the documents requested in the subpoena duces tecum dated March 29, 2011, including copies of any prescriptions ordered for the decedent;

3. The records **SHALL** be delivered to defense counsel for Bates numbering and marking as "confidential." Within 10 days of their receipt, defense counsel **SHALL** provide a copy of the record to Plaintiffs' counsel;

4. The records **SHALL** be maintained as confidential and their use **SHALL** be limited to this litigation. If used at a deposition, the portion of the deposition referencing the content of the records **SHALL** be sealed. If a party wishes to file the records or any portion thereof, the party **SHALL** seek authorization to file the documents under seal according to Local Rule 141.

IT IS SO ORDERED.

Dated:   **May 23, 2011**                                               /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE