IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PRESCOTT, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>COUNTY OF STANISLAUS, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:10-cv-00592 JLT<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br>(Doc. 79) |

**I.      Background**

On October 14, 2011, Defendants filed a motion in part to compel therapist, Byron Miller, to submit to deposition and to produce documents related to therapy with Rachel Prescott. (Doc. 56) In their motion, Defendants documented that Mr. Miller refused to attend the deposition in writing by stating simply, "I am not at liberty to do as requested without a Consent or Court Order." (Doc. 56-2 at 34, 44) Notably, Ms. Prescott failed to make any objection to the subpoenas when served on Mr. Miller. (Doc. 74 at 3) Defendants argued that the need for Mr. Miller's testimony and the documents in his possession was based on the Plaintiff's claims for damages related to the loss of society, comfort and companionship asserted in the fourth and fifth causes of action. (Doc. 56 at 2)

Plaintiff filed an opposition to the motion as it related to the records sought to be produced by Mr. Miller. (Doc. 72) Plaintiff's objection was based *only* on her assertion that the emotional distress damages sought were mere "garden variety" claims. Id. Though she cited Jaffe v. Redmond, 518 U.S.

1

1 (1996), she provided no discussion or analysis how <u>Jaffe</u> addressed Defendants' claimed basis for obtaining the records. The Court held argument on this motion on November 21, 2011. Neither Plaintiff nor Mr. Miller appeared. The Court issued its order granting the motion to compel on this same date. (Doc. 77) However, the Court ordered Mr. Miller to produce *only* those records that bear on Rachel Prescott's relationship with the decedent.  Thus, counseling sessions or portions thereof, that did not address her relationship with the decedent, if there were any, were not ordered to be produced.

On December 4, 2011, Ms. Prescott filed her motion for reconsideration.  (Doc. 79) The basis for the motion, once again, is that her emotional distress damages are only of the "garden variety" type such that no inquiry into her mental health records should be permitted.  For the first time, Ms. Prescott now asserts that the motion to compel the production of the documents is improper because it is supported by a declaration that is based upon speculation as to whether Mr. Miller ever provided therapy to the decedent.[1]  (Doc. 79 at 5)  For the reasons set forth below, the motion for reconsideration is **DENIED**.

**II.     The motion for reconsideration is not well-founded**

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should not be granted absent highly unusual circumstances." <u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 490 U.S. 1059 (1989).  A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" See <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2d Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse

---

[1] The Court declines to consider this argument because it was not raised in opposition to the motion to compel. In any event, the Court's order, limiting the production of documents only to those that address Plaintiff's relationship to the decedent, makes this argument irrelevant.

2

1  its prior decision." Id.

2  Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). In addition, there may be other highly unusual circumstances warranting reconsideration. Id. Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff asserts that this Court's Order was "clearly erroneous" because she claims that mental health records can be accessed in discovery *only if* the plaintiff seeks something more than garden variety emotional distress damages. (Doc. 79 at 1.)

**III.   Analysis**

Plaintiff is correct that Jaffe, announced the rule that the psychotherapist-patient privilege exists under federal law. The Court specifically held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." Id. at 5. The Court announced also that the privilege may be waived by the patient. Id. at 15 n. 14. Plaintiff alleges that even though the nature and quality of her relationship is at issue, her mental health is not. While the Court agrees with this statement, this only begins the analysis; it does not end it.

Plaintiff has sought damages for loss of the society, comfort and companionship that Mr. Prescott's death has caused her. (Doc. 35 at 8-9) In her current motion, Plaintiff admits that the records at issue are probative of these points. (Doc. 79 at 4) Moreover, Plaintiff admits that she had a restraining order against the decedent at the time of his death and that the relationship between her and the decedent was a source of stress for her such that she sought counseling from Mr. Miller to deal with it. (Doc. 79 at 2) Further, Ms. Prescott admits that she believed that the decedent posed a risk to her safety and the safety of her children. Id.

Despite this, Ms. Prescott does not deny that she will ask the jury to award her damages based

1  upon the loss of this relationship. To the contrary, she makes clear that she *does* seek damages for
2  "interference with family relations protected by the 14th Amendment of the United States Constitution"
3  in this litigation. Id. at 2. Clearly then, if Ms. Prescott's relationship the decedent is proven at trial to
4  have been poor, the value of the loss of comfort, society and companionship provided by that
5  relationship will be minimal or nonexistent. Undoubtedly, this is Defendants intended approach at trial.

6  Nevertheless, Plaintiff seems to believe that the Court's order was based upon a determination
7  that the documents were merely relevant. It goes without saying that only relevant records–or those that
8  would lead to admissible evidence–would ever be ordered to be produced by this Court. However,
9  Plaintiff misapprehends the Court's ruling. In its order, the Court determined that Plaintiff <u>failed to meet
10 her burden</u> of establishing that the psychotherapist-patient privilege precluded production of the
11 document under the facts of this case.

12 In her motion to reconsider, Plaintiff seems to contend that the privilege can be waived *only*
13 when emotional distress claims are alleged. However, as discussed in its order, the damage claims at
14 issue are not emotional distress claims but, instead, Plaintiff's *loss of society claims*. Nevertheless,
15 Plaintiff does not provide any discussion on this point.

16 In any event, this is not the first case in which this Court has determined that the content of the
17 communication between a plaintiff and her therapist are placed at issue due to the plaintiff's claim for
18 damages related to the loss of consortium/loss of society. In a similar wrongful death action, <u>Aguilar
19 v. County of Fresno</u>, 2009 U.S. Dist. LEXIS 107946 at *15-16 (E.D. Cal. Oct. 29, 2009), this Court
20 found that records related to the surviving spouse's drug treatment and mental health counseling, were
21 discoverable despite the claims of privilege. The Court determined in part, that because the plaintiff
22 sought damages for loss of care, consortium and society these treatment records were placed at issue.[2]
23 The Court held,

> If Plaintiff had a significant drug problem at the time of the incident, her relationship
> with her husband could have been adversely effected prior to his death which may be
> related to her loss of consortium and loss of society claims. Further, Defendants should
> also be able to explore this avenue especially because shortly after the shooting, officers
> reported that Ms. Saustaita told them that their mother had been using drugs, that her

---

[2] The Court found it significant also that Plaintiff sought reimbursement for the cost of her mental health treatment and had claimed this in the litigation.

>mother had depleted the family's finances, and that her father had contemplated suicide. Fresno County Sheriff's Department Crime Report dated May 20, 2008 at pg. 3, attached to Declaration of James Weakley dated September 22, 2009 ("Weakley Declaration"). (Doc. 44). Plaintiff's drug use, if any, may lead to discoverable information related to the actions of the Decedent at the time of the incident that are relevant to the reasonableness of the deputy's actions.

Id. Thus, in Aguilar, the Court determined that the content of the communications between the surviving spouse and her therapist were placed at issue by a her damage claim for loss of society, comfort and companionship.

Here, the content of the counseling session communications is more closely related to the damage claim than in Aguilar. Ms. Prescott admits that the communication between her and Mr. Miller related to the fear and stress she suffered *as a result of the relationship* with the decedent. Because the value of this relationship forms the basis of Plaintiff's damage claim, in its order the Court found that she had waived the privilege. Because Plaintiff has not demonstrated that the Court's order was clearly in error (United States v. Westlands Water Dist., at1131), Plaintiff's request for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated: **December 8, 2011**                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE