IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PRESCOTT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF STANISLAUS, et al., <br><br> Defendants. | Case No.: 1:10-cv-00592 JLT <br><br> ORDER TO PLAINTIFFS AND TO DEFENDANT JOHN BAKER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE FILE PRETRIAL DOCUMENTS |

On November 9, 2011, the Court granted the parties' stipulation to amend the scheduling order to set the pretrial conference on April 16, 2012, among other amendments. (Doc. 71) With this hearing date, the parties were required by Local Rule 281 to file their joint pretrial statement "not less than seven (7) days before the date set by the Court for holding the final pretrial conference . . ."

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

On March 7, 2012, County Defendants notified the Court that the matter had been settled as to them.  (Doc. 124) However, there has been no similar notification as to Defendant John Baker.

Accordingly, Plaintiffs and Defendant John Baker are **ORDERED** to show cause **within 7 days** of the date of service of this Order why the action should not be dismissed for their failure to file their pretrial documents as required by the Court's Order and Local Rule 281, or in the alternative, to complete and file a notice of settlement in the matter.

In light of the failure of the parties remaining in this litigation to file their pretrial documents, the pretrial conference, currently set on April 16, 2012 at 10:00 a.m. is **VACATED**.

IT IS SO ORDERED.

Dated:   **April 10, 2012**                                         /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE