UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL PRESCOTT, et al., | Case No.: 1:10-cv-00592 - JLT |
| Plaintiffs, | ORDER GRANTING THE PETITION TO APPROVE SETTLEMENT OF THE CLAIMS OF THE MINOR PLAINTIFFS |
| v. | |
| COUNTY OF STANISLAUS, et al., | (Doc. 131) |
| Defendants. | |

    Rachael Prescott, guardian ad litem for A.P., C.P., R.P, M.P, T.P., and Y.P. (collectively, "Minor Plaintiffs"), seeks approval of the settlement for the claims of the Minor Plaintiffs in this action. (Doc. 131). Defendants do not oppose the petition. The Court has read and considered the pleadings and arguments of counsel. For the reasons set forth below, the petition is **GRANTED**.

**1.    Procedural History**

    Plaintiffs are the surviving relatives and successors-in-interest of Craig Prescott, who died while in custody at the Stanislaus County Jail on April 11, 2009. (Doc. 37 at 1-2). Plaintiffs allege Mr. Prescott was awaiting trial for violating a restraining order obtained against him by his wife, and that Mr. Prescott "had been exhibiting psychotic symptoms for several weeks prior to his death." *Id.* at 4. In addition, Plaintiffs allege Mr. Prescott "exhibited bizarre behavior while he was in custody and this was noted by jail staff and jail medical personnel." *Id.* Specifically, Plaintiffs contend Nurse Mandryano observed Mr. Prescott "appeared 'disshevled' (sic), that his speech was 'loose and

1

disorganized', that his thoughts were 'delusional' with 'religious preoccupations', that he seemed to be 'responding to internal stimuli'; that his behavior was 'co-operative but remains bizarre" and that he appeared to be under the influence of drugs or alcohol." *Id.* at 4-5.  Ms. Mandryano opined Mr. Prescott had "possible bipolar disorder or drug psychosis." *Id.* at 5.

On April 9, 2009, Dr. Baker saw Mr. Prescott and noted he "appeared 'preoccupied", that his thoughts were 'rambling, loose, and loud' and that he exhibited 'poor boundaries' and 'becomes increasingly agitated.'" (Doc. 37 at 5).  Based upon his examination, Dr. Baker's impression was Mr. Prescott suffered from drug abuse.  *Id.*  Dr. Baker recommended Mr. Prescott take medications, but the treatment was refused.  *Id.*

Plaintiffs contend Mr. Prescott died as a result of an altercation with deputies in the jail, who are also defendants in this action, when the deputies forcibly removed him from his cell on April 11, 2009.  (Doc. 37 at 5-6).  According to Plaintiffs, at least three deputies discharged Tasers on Mr. Prescott and the force included water balls discharged with a pepper ball launcher.  *Id.* at 6.  During the course of the extraction, a nurse administered two milligrams of Ativan to Mr. Prescott, after which deputies took him "off the mattress and dragged him into the safety cell."  *Id.*  After being placed in the safety cell, Mr. Prescott was stunned with a Taser to gain compliance, and deputies began to remove the constraints, at which time they noticed Mr. Prescott was no longer breathing.  *Id.* Medical personnel and deputies performed CPR, and Mr. Prescott was transferred to a hospital, where he later died.  *Id.*

On April 6, 2012, Rachel Prescott,[1] individually and as guardian ad litem for decedent's minor children, initiated this action against the County of Stanislaus, Stanislaus County Sheriff Adam Christianson, California Forensic Medical Group, and Does 1 through 25.  (Docs. 1-2).  March 4, 2011, Plaintiffs filed an unopposed motion to amend the complaint, and identified several "Doe" defendants, including Dr. John Baker.  (Docs. 34-35).  Plaintiffs' motion was granted on April 25, 2011, and the Court deemed the operative complaint to be Plaintiffs' revised proposed amended complaint (Doc. 37).  (*See* Doc. 43).  Plaintiffs seek monetary damages for the use of excessive force,

---

[1] Rachel Prescott is the surviving wife and mother of Craig Prescott's minor children (Doc. 2 at 2; Doc. 131 at 2).

inadequate medical care, failure to supervise and train, and deprivation of familiar relations in violation of the Fourteenth Amendment. (Doc. 37 at 6-10). In addition, Plaintiffs seek to recover damages for wrongful death. *Id*. at 9.

On March 7, 2012, Plaintiffs filed a notice of settlement, advising the Court the matter had "tentatively" been resolved, "subject to the approval of the Stanislaus County Board of Supervisors." (Doc. 124). In addition, defendants California Forensic Medical Group and Dr. Baker filed a notice of settlement, assert the claims "tentatively settled through mediation," subject to the filing and granting of a petition for minor's compromise. (Doc. 129).

Plaintiffs filed the petition for approval of the settlement claims of the Minor Plaintiffs on May 11, 2012. (Doc. 131). Pursuant to the Court's order, Plaintiffs' counsel filed supplemental declarations setting forth the costs incurred in this matter and how the costs were necessary to the prosecution of the action. (Docs. 132-34).

At the hearing on June 18, 2012, Mrs. Prescott reported that she understood the terms of the settlement agreement and was satisfied that it was fair and expressed also that she was entering into the settlement without any reservation.

**II.     Settlement Approval**

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Accordingly, Local Rule 202(b) requires the petition seeking approval of the settlement to disclose:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2). Generally, in determining whether to approve the compromise of a minor's claims, federal courts refer to applicable state law. *See e.g., Walden v. Moffett*, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at

3

\*5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010). In California, a settlement or compromise of a claim of a minor is not enforceable without court approval. Cal. Prob. Code §§ 2504, 3600 et seq.; Cal. Code Civ. Proc. § 372 ("The guardian ... or guardian ad litem so appearing for any minor . . . shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same. . .") (emphasis added).

### III. Attorneys' Fees and Costs

In addition to approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. Cal. Prob. Code § 3601. To determine whether a request for attorney's fee is reasonable, the Court may consider, among other factors: the time and labor required; whether the minor's representative consented to the fee; the amount of money involved and the results obtained; and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court 7.955(b). Where a contingency fee has been proposed, "most courts require a showing of "good clause" to award more than 25% of any recovery… As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apartments*, 2008 U.S. Dist. LEXIS 18819, at \*3 (E.D. Cal. Feb. 27, 2008) (quoting 2 Weil & Brown, *California Practice Guide: Civil Procedure before Trial* §§12:576-12:577, p. 12(II)-17 (2007)). When a fee is contingent, the court should also consider the risk of loss, the amount of costs advanced by the attorney, and the delay in reimbursement of costs and payment of fees to determine if the amount is reasonable. *See* California Rule of Court 7.955(b)(13).

### IV. Discussion and Analysis

Rachel Prescott ("Petitioner"), acting as guardian ad litem for the Minor Plaintiffs[2], identifies the attorneys representing them by name, address and bar number; and that the attorneys have not received compensation in connection with the minors' claims other than that requested in this petition. (Doc. 131 at 3, 13-14). The petition was verified by Minor Plaintiffs' guardian ad litem. (Doc. 131).

---

[2] At the hearing, the children were present. Though the petition failed to identify the children's genders, as required by L.R. 202(b)(2), the Court observed that each child was female so that the Rule is satisfied.

The Defendants have agreed to pay $600,000 to settle the dispute. *Id*. at 7. Of this total, $565,000 is to be paid by the County of Stanislaus and the remaining $35,000 is to be paid by California Forensic Medical Group. *Id*. Under the proposed compromise, the adult Plaintiffs, Rachel Prescott (Petitioner) and Marilyn Prescott (Decedent's mother) shall receive $240,000. *Id*. at 8. The remaining sum of $360,000 will be divided among the six Minor Plaintiffs. *Id*. Petitioner identifies that the total amount of attorneys' fees in connection with the Minor Plaintiffs' claims is $90,000 (25% of the $360,000). *Id*. at 9. Petitioner states that the total amount of costs and expenses incurred in for Minor Plaintiffs' claims is $22,774.88 (60% of total expenses incurred on behalf of all claimants). *Id*. Petitioner recites that the attorneys' fees and costs and expenses will be divided among the Minor Plaintiffs, such that each is responsible for one-sixth of the fees or $15,000 for attorneys fees and $3,795.81 for costs and expenses incurred. *Id*. In total, the fees to be paid to the attorneys amount to $112,774.88. *Id*. at 12.

At the hearing, counsel clarified that the attorneys' fees would be divided among the children on a pro rata basis so that each will pay 25% of their settlement proceeds toward attorneys' fees but that the costs would be shared equally. Thus, under the petition, the settlement for the Minor Plaintiffs will be divided as follows:

- A.P. [3]:
  - Settlement Proceeds: $65,000.00
  - Attorneys Fees: $16,250.00
  - Costs and Expenses: $3,795.81
  - Total Proceeds: **$44,954.19**

- C.P.:
  - Settlement Proceeds: $59,000.00
  - Attorneys Fees: $14,750.00
  - Costs and Expenses: $3,795.81
  - Total Proceeds: **$40,454.19**

- R.P.:
  - Settlement Proceeds: $59,000.00
  - Attorneys Fees: $14,750.00
  - Costs and Expenses: $3,795.81
  - Total Proceeds: **$40,454.19**

///

---

[3] At the filing of the petition, A.P. was an emancipated minor. However, by the time of the hearing on the petition, A.P. had turned 18 and, therefore, achieved legal adulthood.

5

- M.P.:   Settlement Proceeds:   $59,000.00
          Attorneys Fees:        $14,750.00
          Costs and Expenses:    $3,795.81
          Total Proceeds:        **$40,454.19**

- T.P.:   Settlement Proceeds:   $59,000.00
          Attorneys Fees:        $14,750.00
          Costs and Expenses:    $3,795.81
          Total Proceeds:        **$40,454.19**

- Y.P.:   Settlement Proceeds:   $59,000.00
          Attorneys Fees:        $14,750.00
          Costs and Expenses:    $3,795.81
          Total Proceeds:        **$40,454.19**

(Doc. 131 at 8). Petitioner proposes the portion of the settlement owed to A.P. be distributed directly to her, because she is an emancipated minor and, now, an adult. *Id*. at 15. As to the remaining minors, the petition requests that the settlement proceeds be deposited into insured, blocked accounts in a financial institution in this state, subject to withdrawal only upon the authorization of the court. *Id*.

Based upon the information provided in the petition and at the hearing, and considering the totality of the facts and circumstances of this case, the Court finds that a settlement for the Minor Plaintiffs in the amount of $360,000, is fair, reasonable, and in the best interests of the children. Furthermore, the Court finds that the amount of attorneys fees requested is reasonable considering the Petitioner as a representative of the Minor Plaintiffs approved of the fee in the petition. Moreover, the 25 percent fee is not in excess of the amount permitted generally in California. Thus, the Court finds that the deduction of $112,774.88 in fees and costs is both fair and reasonable. *See* California Rule of Court 7.955(b); Cal. Prob. Code § 3601.

### V.     Conclusion and Order

In accordance with the above, **IT IS HEREBY ORDERED**:

1. The petition to approve the compromise of the minors' claims is **GRANTED**;

2. The portion of the settlement proceeds for A. P., in the amount of $44,954.19, be **ORDERED** to be distributed directly to her;

3. The portion of the settlement proceeds for the remaining five children, C.P., R.P., M.P., T.P., Y.P., in the amount of $40,454.19 each, is **ORDERED** to be deposited in insured,

6

1 | blocked accounts in a financial institution in this state, subject to withdrawal only upon the authorization of the court; and,

4. Attorneys' fees and costs in the amount of $90,000 and $22,774.88, respectively is **GRANTED**;

5. The stipulated motion to dismiss **SHALL** be filed no later than August 3, 2012.

IT IS SO ORDERED.

Dated:   **June 18, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE